UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>V.<br><br>TERRY SMITH and GERRY SMITH,<br><br>    Defendants. | CRIMINAL ACTION NO. 6:13-34-KKC<br><br><br>**MEMORANDUM OPINION<br> AND ORDER** |

*** *** ***

This matter is before the Court on Defendant Terry Smith's motion to sever (DE 171) Count III of the third superseding indictment (DE 163). Count III charges Terry Smith with, "having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, [knowingly possessing] several firearms . . . in violation of 18 U.S.C. § 922(g)(1)." (DE 163 at 2.) For reasons stated below, the Court will deny Terry Smith's motion.

I. BACKGROUND

On August 21, 2013, the United States filed a criminal complaint against Terry Smith. (DE 1). The complaint stated, in part, that Smith had three prior convictions resulting in prison sentences exceeding one year and asserted that Smith possessed a number of firearms that he used in connection with allegedly leading a large-scale conspiracy to distribute oxycodone. (DE 1-1 at 1–2, 4.) The original indictment, returned on August 22, 2013, only charged Terry Smith with "knowingly and intentionally distribut[ing] a quantity of pills containing oxycodone," (DE 2 at 1) but the first superseding indictment, returned on December 19, 2013, included an allegation that Terry and Gerry Smith used at

least ten different firearms "to commit and to facilitate the commission" of the distribution of oxycodone (DE 30 at 2). The grand jury included a charge for Count III on December 18, 2014. (DE 163 at 3.)

## II. ARGUMENT

Terry Smith asserts that Count III should be severed because evidence related to the firearms violation would be irrelevant and prejudicial as to Counts I and II (the "drug charges"). (DE 171 at 2.) Terry Smith claims further prejudice because the grand jury added Count III on December 18, 2014, and trial is set to commence on January 20, 2015. (DE 171 at 3.) Terry Smith's arguments, however, are unavailing.

Joinder and severance of counts are governed, respectively, by Rules 8 and 14 of the Federal Rules of Criminal Procedure. Rule 8 permits the joinder of separate counts in one indictment if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Rule 14 provides relief from joinder that "appears to prejudice a defendant" and enables courts to "order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

The Sixth Circuit has consistently held that guns are often "tools of the trade" for drug trafficking and, accordingly, supports the efficiency and economy achieved through joining firearm and drug charges. *E.g.*, *United States v. Shields*, 664 F.3d 1040, 1046 (6th Cir. 2011); *United States v. Hardin*, 248 F.3d 489, 499 (6th Cir. 2001) (collecting cases). But the Sixth Circuit has found that such joinder is not always appropriate. *United States v. Chavis*, 296 F.3d 450, 458 (6th Cir. 2002).

> The 'tools of the trade' argument generally permits joinder only when the firearms charges and the drug charges are 'sufficiently connected temporally or logically to support the

2

> conclusion that the two crimes are part of the same transaction or plan,' as when guns are used in connection with the drug offense or when both guns and drugs are uncovered in the same search.

*Id.* at 459 (citing *United States v. Gorecki*, 813 F.2d 40, 42 (3d Cir. 1987)). A firearms charge and drug charges are only "sufficiently connected" if the connection is apparent from the facts of the indictment. *United States v. Wilkins*, 253 F. App'x 538, 541 (6th Cir. 2007) (citing *Chavis*, 296 F.3d at 456).

Further, not all potentially prejudicial charges must be severed under Rule 14. *See United States v. Cope*, 312 F.3d 757, 781 (6th Cir. 2002). Potential prejudice may be cured by stipulations and limiting instructions. *United States v. Atchley*, 474 F.3d 840, 853 (6th Cir. 2007). Stipulating to a prior felony may be especially curative where, as here, a defendant is charged with violating 18 U.S.C. § 922(g) because the jury would not be influenced by the substance of the defendant's prior conviction. *Id.* Additionally, the jury is presumed capable to adhere to the court's limiting instructions and to consider each count separately. *Cope*, 312 F.3d at 781; *see also Zafiro v. United States*, 506 U.S. 534, 539–41 (1993).

Here, the temporal *and* logical connection between the alleged possession of firearms and the alleged drug trafficking appears on the face of the criminal complaint, first superseding indictment, second superseding indictment, and third superseding indictment. (*See* DE 1 at 4; DE 30 at 2; DE 58 at 2; DE 163 at 4.) The Court recognizes the potential prejudice that may arise from joining Count III, but this prejudice may be cured through stipulations and jury instructions. The Court also notes Terry Smith's timing concern; however, the grand jury's addition of Count III did not surprise Terry Smith. *Compare United States v. Page*, 657 F.3d 126, 131 (2d Cir. 2011) (noting that limiting instructions

3

may not always cure the prejudice arising from a previously uncharged count that is added "solely to buttress its case" and permit the admission of additional evidence), *with Atchley*, 474 F.3d at 853 (finding stipulations and limiting instructions sufficient when counts involve overlapping proof). Rather, the government included the factual basis for Count III in its criminal charge filed on August 21, 2013, and evidence relating to the alleged possession of firearms overlaps with the evidence relating to allegedly leading a large-scale conspiracy to distribute oxycodone. *See Atchley*, 474 F.3d at 853.

\* \* \* \* \*

Accordingly, **IT IS ORDERED** that Terry Smith's motion to sever (DE 171) is **DENIED**.

Dated January 14, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY